D. Maimon Kirschenbaum
Denise Schulman
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| **TINA BRAUNSTEIN, on behalf of herself and others similarly situated,** | CASE NO. |
| **Plaintiffs,** | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **HUDSON HALL, LLC, d/b/a MERCADO LITTLE SPAIN and JOSE RAMON ANDRES PUERTA a/k/a JOSE ANDRES,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

---------------------------------------------------------x

Plaintiff alleges as follows:

## INTRODUCTION

1. Jose Andres is known to the world as a great humanitarian. In fact, in 2018, he was nominated for a Nobel Peace Prize for his humanitarian efforts around the world. In 2017, Mr. Andres chastised President Trump for "trying harder to feed the fish in Japan than [his] own people in Puerto Rico." Unfortunately, Mr. Andres has been trying harder to feed people around the world than his own employees at Mercado Little Spain in Hudson Yards, who are systematically paid sub-minimum wages.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Hudson Hall, LLC ("Hudson Hall") is a corporation organized and existing under the laws of the State of New York that owns and operates numerous bars, kiosks, and restaurants at the Mercado Little Spain food court in Hudson Yards.

5. Hudson Hall has an annual gross volume of sales in excess of $500,000.

6. Defendant Jose Ramon Andres Puerta ("Andres") is an owner and operator of Hudson Hall.

7. Defendant Andres is actively involved in management of Hudson Hall.

8. Defendant Andres is so involved in Hudson Hall that he has referred to the Mercado Little Spain project as "a veritable love letter to Spain from Chef José Andrés and his team." Defendant Andres stated to the New York Times regarding the project: "I always wanted to come to New York to open something. . . . Now, with this, I am giving myself a gift."

9. Defendant Andres played an active role in setting up the structure and management of Mercado Little Spain and appears publicly as the face of the company, posting on Mercado's website a quote from Food & Wine, "Jose Andres and the Adria brothers are behind the upcoming Mercado Little Spain. . ." The website also quotes Eater.com stating that the food court is "helmed" by Mr. Andres.

10. As the mastermind and active manager of Mercado Little Spain, Defendant Andres has ultimate authority over hiring/firing, scheduling, payroll practices and records maintenance.

11. Plaintiff Tina Braunstein has been employed by Defendants as a bartender at various locations in Mercado Little Spain, including Mar and Vinos since about April 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at Mercado Little Spain on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the proper overtime rate for all hours worked over forty (40) hours in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings the State Law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants at Mercado Little Spain on or after the date that is six years before the filing of this Complaint (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum and overtime wages owed and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by

addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

   c) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

d) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

e) Whether the Defendants required Plaintiff and the Class Members to share tips with non-service employees;

f) Whether Defendants gave Plaintiff and the Class members the wage notices and wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

g) Whether Defendants paid Plaintiff and the Class Members the incorrect rates for "spread of hours" shifts."

## FACTS

23. Plaintiff's consent to sue form is attached hereto as Exhibit A.

24. Plaintiff was paid an hourly rate that is lower than the New York State minimum wage during her employment by Defendants.

25. Plaintiff was in fact paid a "tip credit" hourly wage for all hours worked, even though a good chunk of her time worked was spent performing menial non-tipped work ("sidework").

26. Defendants were not entitled to utilize the tip credits set forth under the New York Labor Law, because they required Plaintiff to spend at least two hours per shift, and at times more than 20% of her shifts, performing sidework.

27. By way of example, Plaintiff is often scheduled for shifts that last from 9:00 a.m. to 5:00 p.m. During these shifts, Plaintiff spends more than 2 hours doing sidework, including bar setup; preparing garnishes for the entire shift; polishing silver before, after, and throughout the shift; and restocking wine at the end of her shift.

28. In addition, Defendants did not give Plaintiff proper written notice of the tip credit, as required under New York law.

29. Defendants paid Plaintiff and service employees the wrong overtime rate when they worked overtime. For example, for the week ending April 14, 2019, Defendants paid Plaintiff $15.55 per hour for 2.65 hours of overtime. The minimum overtime rate by New York law and by incorporation, federal law, is $17.50 per hour.

30. When Plaintiff's shifts lasted longer than 10 hours, Defendants paid her a $10 "spread of hours" premium, instead of the $15 required by New York's spread of hours requirement.

31. Plaintiff's and service workers' paystubs did not contain the required information under NYLL § 195. For example, the wage statements made no note of any tip credits and did not contain Defendants' telephone number.

32. Defendants' did not give Plaintiff and service workers' proper Notices and acknowledgements of Pay Rates.

33. Defendants required Plaintiff and service employees to share tips with barbacks who spent most of their shifts polishing silver, not performing customer service.

34. Defendants willfully committed the foregoing acts against Plaintiff, the FLSA Collective and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiff on Behalf of Herself and the FLSA Collective**
**Plaintiffs**

35. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

37. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

38. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and FLSA Collective Plaintiffs at one-and-one-half times their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

39. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***
**Brought by Plaintiff on Behalf of Herself and the Class Members**

40. Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

42. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

43. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class Members**

44. Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

47. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Herself and the Class Members**

48. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants did not provide Plaintiffs and the members of the Class with the wage notices and wage statements required by N.Y. Lab. Law § 195.

50. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## FIFTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d
### Brought by Plaintiff on Behalf of Herself and the Class Members

51. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. Defendants illegally required Plaintiff and the Class members to share gratuities with non-service employees.

53. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### New York Spread of Hours Violations,
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.64,
### Brought by Plaintiffs on Behalf of the NYLL Class

54. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Plaintiff and the Class members regularly worked days where the spread of hours exceeded ten (10).

56. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

57. As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages according to proof, including back pay, liquidated damages, statutory penalties, and all other damages available under applicable law, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as Representative of the Class;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§198, 663, and other applicable statutes;

H. Pre-judgment and post-judgment interest, as provided by law; and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       August 26, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*
    D. Maimon Kirschenbaum
    Denise Schulman
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.